IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLIE SIMMONS, *et al.*, | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 3:24-cv-555-ECM |
| | ) [WO] |
| HORACE MANN PROPERTY | ) |
| AND CASUALTY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|   Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiffs Charlie and Gwendolyn Simmons (collectively, the "Plaintiffs") sue their automobile insurer, Horace Mann Property and Casualty Insurance Company ("Defendant"), seeking recovery of unpaid expenses from injuries sustained in an automobile collision on February 25, 2023. Plaintiffs originally filed suit on July 25, 2024, in the Circuit Court of Russell County, Alabama. On that date, Plaintiffs' counsel emailed a copy of the complaint to a claim adjuster for the Defendant. (Doc. 6-2). On August 2, 2024, the Defendant was formally served via certified mail.[1] On August 30, 2024, the Defendant removed the case to this Court based on diversity jurisdiction. (Doc. 1). On September 3, 2024, the Plaintiffs filed a motion to remand the case to state court (doc. 6),

---

[1] There is no receipt of service in the record. The Defendant represents that it was served on August 2, 2024, via certified mail. (*See* doc. 1 at 2, para. 3). The Plaintiffs do not dispute this representation, and the Court accepts it as true for the purpose of this motion.

which is now pending before the Court.  The motion is briefed[2] and ripe for review.  For the reasons below, the motion is due to be DENIED.

## II.  STANDARD OF REVIEW

This Court, like all federal courts, is a "court[] of limited jurisdiction" and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may only remove "state-court actions that originally could have been filed in federal court." 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Because "removal jurisdiction raises significant federalism concerns," federal courts must "construe removal statutes strictly[,]" and all doubts regarding the existence of federal jurisdiction "should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).  Pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) federal jurisdiction exists—and removal is proper—if the parties are completely diverse and the amount in controversy exceeds $75,000. *Caterpillar*, 482 U.S. at 392.  "[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

## III.  DISCUSSION

In their motion to remand, the Plaintiffs acknowledge that the amount in controversy exceeds $75,000 and that the parties' citizenship is completely diverse. (Doc. 6 at 5).  They challenge only the timeliness of the Defendant's notice of removal.  Pursuant to 28 U.S.C.

---

[2] The Court ordered the Plaintiffs to reply to the Defendant's response. (*See* doc. 7).  They failed to do so.

§ 1446(b)(1), a defendant's notice of removal is timely if it is "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" The Plaintiffs seize on the statute's "or otherwise" language and argue that because they forwarded a courtesy copy of the complaint to the Defendant on July 25, 2024, the Defendant had to file its notice of removal by August 26, 2024. To the Plaintiffs, the fact that the Defendant was not formally served until August 2, 2024, is of no import, because the thirty-day clock began to run when the Defendant received the complaint on July 25, 2024.

As the Defendant points out, the Supreme Court has expressly rejected the Plaintiffs' argument. "To ensure that [a] defendant [has] access to the complaint before commencement of the removal period," the Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but *not by mere receipt of the complaint unattended by service*." *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–49 (1999) (emphasis added). On July 25, 2024, the Defendant received by email a courtesy copy of the complaint without a copy of the summons. Accordingly, the thirty-day clock did not begin to run on July 25, 2024. Instead, the thirty-day clock began to run on August 2, 2024, when the Defendant was formally served with a summons and copy of the complaint. The Defendant removed the case on August 30, 2024, which was within the thirty-day statutory window. Accordingly, the Defendant's removal was timely and proper.

## IV.  CONCLUSION

Because the parties are completely diverse, the amount in controversy exceeds $75,000, and the Defendant's notice of removal was timely, and for good cause, it is

ORDERED that the Plaintiffs' motion to remand (doc. 6) is DENIED.

Done this 15th day of April, 2025.

                                           /s/ Emily C. Marks
                                   EMILY C. MARKS
                                   CHIEF UNITED STATES DISTRICT JUDGE